**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| BRIAN J. BELL, | CASE NO.: 4:20-cv-00326 |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY TRIAL** |
| CITY OF DES MOINES, IOWA; OFFICER GARTH L. HOUSE, individually and in his official capacity as a police officer for the City of Des Moines; and OFFICER KENNETH ROBINSON II, individually and in his official capacity as a police officer for the City of Des Moines. | **DEMAND** |
| Defendants. | |

 **COMES NOW** Plaintiff, Brian J. Bell, by and through his counsel, and brings this action pursuant to 42 U.S.C. § 1983 against Defendants and state as follows:

<u>**INTRODUCTORY STATEMENT**</u>

 1.     This is an action arising under the United States Constitution, 42 U.S.C. § 1983, and the Iowa Constitution.

 2.     This is a civil action seeking money damages and equitable relief on behalf of Plaintiff seeking redress for the deprivation of fundamental rights guaranteed, inter alia, by the United States Constitution and the Iowa Constitution.

 3.     Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution by their unlawful seizure, detainment, and arrest of Plaintiff. Plaintiff further contends that his Fourth and Fourteenth Amendment rights were violated by Defendants' use of excessive force in effectuating the arrest. Defendants likewise violated

Plaintiff's rights under the Iowa Constitution. As such, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983.

4.      Plaintiff sustained physical injuries, mental anguish, and emotional distress from the unlawful arrest and the unlawful use of excessive force during the arrest. Plaintiff has not felt safe and suffers from nightmares, panic attacks, crippling paranoia, and anxiety.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343, and pendent/supplemental jurisdiction under 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of Iowa, Central Division under 28 U.S.C. § 1391, because Defendant City of Des Moines, Defendant Officer House, and Defendant Officer Robinson reside in Polk County, Iowa. Further, at the time of the events and/or omissions giving rise to these claims, Defendant Officer Robinson and Defendant Officer House were employed as police officers in Des Moines, Iowa, and a substantial part of the events and/or omissions giving rise to these claims occurred there.

## PARTIES

7.      Plaintiff incorporates the above paragraphs as if fully set out herein.

8.      At all relevant times, Plaintiff was a citizen of the United States. He was attending Central College in Fort Dodge, Iowa. Plaintiff currently resides in the state of Georgia.

9.      Based on information and belief, Defendant Officer Garth House is a resident of Polk County, Iowa. At all times relevant hereto, Defendant Officer House was a police officer for the Defendant City of Des Moines, Iowa. He is sued in his individual and official capacities.

10.      Based on information and belief, Defendant Officer Kenneth Robinson II is a resident of Polk County, Iowa. At all times relevant hereto, Defendant Officer Robinson was a police

officer for the Defendant City of Des Moines, Iowa. He is sued in his individual and official capacities.

11.     Defendant City of Des Moines, Iowa, is a municipality organized pursuant to the laws of the State of Iowa and subject to liability for the torts of its employees under Iowa Code Chapter 670.

## FACTUAL ALLEGATIONS

12.     Plaintiff incorporates the above paragraphs as if fully set out herein.

13.     On October 27, 2018, at approximately 11:20 a.m., Defendants Officer House and Officer Robinson decided to arrest Plaintiff. They had received prior complaints of a black male with dreadlocks, a stripped gray hoodie sweatshirt, and "camo" paints, causing a disturbance in Des Moines, Iowa.

14.     Defendants Officer House and Officer Robinson approached Plaintiff – for the first time – while he was at the Downtown Des Moines Farmers Market. Plaintiff was sitting on a retaining wall and minding his own business. Further, Plaintiff only partially matched the description: he had dreadlocks, was wearing a gray hoodie sweatshirt that was not striped, and was wearing jeans that were not "camo".

15.     During the arrest process, Defendants Officer House and Officer Robinson shoved Plaintiff backward and over Defendant Officer House's outstretched right leg.

16.     Defendants Officer House and Officer Robinson used such force to trip Plaintiff that he landed on his back, flipped onto his stomach, and hit his head on either the sidewalk or a nearby retaining wall – causing blood splatter on the sidewalk.

17.     Defendants Officer House then peppered sprayed Plaintiff from less than six inches away. Officer Robinson then tased Plaintiff twice.

18.     Plaintiff sustained significant physical injuries due to Defendants Officer House and Officer Robinson's excessive use of force in an amount to be proven at trial. Further, Plaintiff suffered severe mental anguish and emotional distress at being attacked by Defendants in an amount to be proven at trial.

19.     Defendants Officer House and Officer Robinson's actions violated clearly established law. Their actions in effectuating Plaintiff's arrest were excessive and unnecessary. They violated Plaintiff's Constitutional right to due process, equal protection of the law, his right to be free from unreasonable seizures, and his right to be free from excessive use of force.

## COUNT I
### Violations of 42 U.S.C. § 1983

20.     Plaintiff incorporates the above paragraphs as if fully set out herein.

21.     This Count is authorized by 42 U.S.C. § 1983 and the Constitution of the United States, in particular, but not limited to the Fourth and Fourteenth Amendments thereto.

22.     Defendants Officer House and Officer Robinson violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure by arresting Plaintiff and by using excessive force to effectuate the arrest. Defendants' conduct also violated Plaintiff's rights under Article I of the Iowa Constitution.

23.     Defendants Officer House and Officer Robinson's excessive force also resulted in an unreasonable seizure under the Fourth and Fourteenth Amendments. Defendants' conduct also violated Plaintiff's rights under Article I of the Iowa Constitution.

24.     Defendants Officer House and Officer Robinson's actions were done in reckless disregard of Plaintiff's constitutional rights.

25.     The above-described acts of Defendants Officer House and Officer Robinson constituted an intentional violation of Plaintiff's rights against unreasonable seizure of their property and body guaranteed to them by the Fourth Amendment to the United States Constitution, 42 U.S.C. § 1983 (applied to the states through the Fourteenth Amendment).

26.     At all times relevant to this Count, Defendants Officer House and Officer Robinson were acting under color of state law and within the scope of their employment and duties.

27.     Acting under color of law and pursuant to its policy, practice, or custom, Defendant City of Des Moines, Iowa, knowingly and recklessly failed to instruct, train, and/or supervise Defendants Officer House and Officer Robinson on a continuing basis as to the appropriate measures for making initial contact with a suspect and effectuating an arrest. This paragraph's allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

28.     The unofficial or official policy, practice, custom, or procedure regarding the use of force to effectuate an arrest, as implemented by Defendants Officer House and Officer Robinson, was the moving force behind the violations of Plaintiff's constitutional rights and constituted deliberate indifference as attributable to Defendant City of Des Moines, Iowa as alleged in this Count.

29.     Defendant City of Des Moines, Iowa knew or would have known had it diligently exercised its duties to instruct, supervise, or control Defendants Officer House and Officer Robinson; and should have had knowledge of Defendants Officer House and Officer Robinson's acts in arresting Plaintiff as heretofore alleged. This paragraph's allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

30.     Defendant City of Des Moines, Iowa, had the power to prevent or aid in preventing Defendants Officer House and Officer Robinson's acts in arresting Plaintiff as heretofore alleged, and could have done so by reasonable diligence, but knowingly failed or refused to do so. This paragraph's allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

31.     As a proximate result of the acts, omissions, and constitutional violations alleged in this Count, Plaintiff was deprived of his constitutional right to be free from Defendants' excessive force and unreasonable seizure of his person. As a result, Plaintiff suffered physical injuries, mental anguish, and emotional distress, all in amounts to be proven at trial.

32.     In performing the acts alleged above, Defendants Officer House and Officer Robinson acted with a wanton disregard for the rights, safety, needs, and feelings of Plaintiff. By reason thereof, Plaintiff demands exemplary and punitive damages against Defendants Officer House and Officer Robinson in an amount to be proven at trial.

        **WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor as follows:

   A.     Against all Defendants for general damages due to the deprivation of his constitutional rights as set out above, for physical injuries, mental anguish, and emotional distress, all in amounts to be proven at trial. (Iowa law provides that Defendant City of Des Moines, Iowa, is to pay any tort judgment for compensatory damages for which its officers and employees are liable within the scope of their employment or duties - *see* Iowa Code § 670.8).

   B.     Against all Defendants for special damages, including attorney fees generated due to the arrest, lost wages, and loss of future earning capacity resulting from

the Defendants' acts, all in amounts to be proven at trial. (Iowa law provides that Defendant City of Des Moines, Iowa, to pay any tort judgment for compensatory damages for which its officers and employees are liable within the scope of their employment or duties - *see* Iowa Code § 670.8).

C.    For exemplary and punitive damages against Defendants Officer House and Officer Robinson (Iowa law allows municipalities to purchase insurance to protect municipal officers and employees against punitive damages awards – *see* Iowa Code § 670.8).

D.    For interest and the costs of this action.

E.    For attorney fees and expert fees and costs under state and federal law, including but not limited to 42 U.S.C. § 1988, 28 U.S.C. § 2412, and Federal Rule of Civil Procedure 54.

F.    For such other and further relief as the Court deems proper.

## **JURY DEMAND**

33.    Plaintiff hereby demands a trial by jury.

Dated:  October 23, 2020                Respectfully Submitted,

**/s/ J. Barton Goplerud**
**J. Barton Goplerud, Iowa Bar No.: AT0002983**
SHINDLER,   ANDERSON,   GOPLERUD   &
WEESE, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749
Telephone:     (515) 223-4567
Facsimile:     (515) 223-8887
Email:         goplerud@sagwlaw.com

**/s/ Brandon M. Bohlman**
**Brandon M. Bohlman, Iowa Bar No.: AT0011668**
SHINDLER,   ANDERSON,   GOPLERUD   &
WEESE, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749
Telephone:     (515) 223-4567
Facsimile:     (515) 223-8887
Email:         bohlman@sagwlaw.com

***ATTORNEYS FOR PLAINTIFF***